**Snow v SRE Wellness, Inc.**

2024 NY Slip Op 33790(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 654391/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DEBRA A. JAMES          PART     59

*Justice*

-----------------------------------------------------------------------------X

MATHEW SNOW,

                              Plaintiff,

             - v -

SRE WELLNESS, INC.,

                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654391/2020 |
| MOTION DATE | 12/13/2020 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for       JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

ORDER

Upon the foregoing documents, it is

ORDERED that the cross motion of defendant SRE Wellness, Inc., to dismiss the complaint for lack of personal jurisdiction over it is denied; and it is further

ORDERED that the motion, pursuant to CPLR § 3213, for summary judgment in lieu of complaint of plaintiff Mathew Snow is granted, and the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $ 214,641.10, together with interest at the statutory rate per annum from the date of June 30, 2020, until the date of the decision and order on this motion, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

**654391/2020   SNOW, MATHEW vs. SRE WELLNESS, INC.**
**Motion No.  001**

**Page 1 of 5**

[* 1]

<u>DECISION</u>

Plaintiff Mathew Snow ("Snow") commenced this action pursuant to CPLR § 3213 to enforce an amended convertible Promissory Note and Note Purchase Agreement (collectively, the "Note") issued by the defendant SRE Wellness, Inc. ("SRE"). <u>See</u> NYSCEF Doc. Nos. 004 and 005.

SRE opposes the motion and cross-moves for dismissal asserting that: (1) this court lacks personal jurisdiction over SRE; (2) the Note is not a proper instrument for CPLR 3213; and (3) that SRE amended the terms of the Note to remove the election to receive cash instead of shares of SRE.

This court disagrees with SRE's contentions.

In general, the Note, and Snow's affidavit stating that payment was duly demanded on July 17, 2020, and July 27, 2020, and the lack of payment as evidenced by SRE's notice of conversion and amendment to the Note, establish his prima facie entitlement to summary judgment in lieu of complaint. <u>Marjan Intl. Corp. v Lillian August Designs, Inc.</u>, 225 AD3d 408, 409 (1st Dept 2024).

SRE's personal jurisdiction defense fails, even though it is undisputed that Snow never posted proof of service upon the Secretary of State on the docket of this action. Such failure is not fatal to plaintiff's motion, as SRE acknowledges that it was served via the Secretary of State, by admission of its own counsel

**654391/2020   SNOW, MATHEW vs. SRE WELLNESS, INC.**
**Motion No.  001**

[* 2]

in his memorandum of law in opposition to plaintiff's motion and support of its cross motion, to wit:

> The Plaintiff had the summons, notice of motion and supporting papers delivered to the New York State Secretary of State. This Delivery was made on September 21, 2020. The Secretary of State thereafter delivered the papers to SRE's registered agent."

NYSCEF Doc. No. 22, p. 4).

SRE, which is a corporate entity, erroneously argues that Snow's failure to comply with the service requirements set forth in CPLR § 308 is fatal to his motion for summary judgment in lieu of complaint. CPLR § 308 is inapplicable to a corporate entity, such as SRE, but applies to service upon a natural person only. SRE's judicial admission that service was made (on September 21, 2020) within one hundred twenty days of the filing of the summon and motion for summary judgment in lieu of complaint (on September 11, 2020) constitutes a failure on SRE's part to object to Snow's failure to file his proof of service pursuant to CPLR § 306-b. Given that admission, SRE has have waived any objection to Snow's alleged failure to comply with the filing requirement of CPLR 306-b. Clarke v Davis, 277 AD2d 902 (4th Dept 2000) ("By appearing in the action before the time period provided in CPLR former 306-b[a] expired and failing to raise an objection in his answer, defendant has waived his objection to the filing requirement").

**654391/2020   SNOW, MATHEW vs. SRE WELLNESS, INC.**                    **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

As for SRE's argument that Snow is not entitled to summary judgment pursuant to CPLR § 3213 as the Note is not an instrument for the payment of money only, it is well established that "[t]he conversion option contained in the note does not alter the fact that the note is 'an instrument for the payment of money only' and a proper subject of a motion pursuant to CPLR 3213", (Simon v Indus. City Distillery, Inc., 159 AD3d 505, 505 [1st Dept 2018]). Assuming, arguendo, that Amendment #1 to the Note Purchase Agreement properly amends the Purchase Note Agreement, since there is no Noteholder Election of Conversion, signed and delivered by Snow, as required under Section paragraph 1. of such Amendment (NYSCEF Doc. No. 007, p. 2), SRE has provided no proof that the subject Note was converted into Series A Preferred Stock.  See Simon v Industry City Distillery, Inc., 159 AD3d 505, 506 (2019).

Snow seeks attorneys' fees that he incurred in enforcing the Note.  However, he has not demonstrated that he is entitled to recover attorneys' fees, as no such remedy is set forth in either the Note, Amended Note, Note Purchase Agreement or Amended Note Purchase Agreement.

**654391/2020   SNOW, MATHEW vs. SRE WELLNESS, INC.**
**Motion No.  001**

**Page 4 of 5**

[* 4]

4 of 5

For the foregoing reasons, the cross motion of SRE to dismiss the action for lack of personal jurisdiction shall be denied and the motion of Snow for summary judgment in lieu of complaint shall be granted.

20241023133731DJAMES03539AE2F9344309BB043510E32ABCCB

| 10/23/2024 | | DEBRA A. JAMES, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654391/2020   SNOW, MATHEW vs. SRE WELLNESS, INC.**
**Motion No.  001**

Page 5 of 5

5 of 5